BENNETT SPRINGER vs. BERTHA R. HUBBARD.

Cumberland.   Opinion January 29, 1890.

*Requested instructions.   Exceptions.   Forged check.   Practice.*

Requested instructions should be applicable to the facts in evidence.

Exceptions will not be sustained to the refusal of the court to give requested instructions which are not applicable to the facts in evidence.

A forged check received in payment for personal property sold will not prevent the seller from recovering the consideration of the sale.

ON MOTION AND EXCEPTIONS.

This was an action of assumpsit, tried in the superior court for Cumberland county, in which the jury rendered a verdict of $1,775.22 for the plaintiff.   The writ contained two counts, one on a bank check, and one on an account annexed for the consideration of the sale of plaintiff's interest in a café, in Boston, to the defendant.   At the trial it was admitted that the check was forged and the plaintiff abandoned the count on it.   The trial proceeded, on the part of the plaintiff, on the account annexed; and he contended that there being a sale completed between the parties he was entitled to recover the price agreed on.   The defendant denied that a sale had been completed.

The premises occupied as a café were under a lease.   The defendant contended that the consent of the lessor to accept the defendant as his tenant in place of the plaintiff, should have been obtained as a condition precedent before the sale to her would take effect.

She requested the following instructions :—

First.   That no action can be maintained upon any contract for the sale of lands, tenements or hereditaments or of any interest in or concerning them, unless the promise, contract or agreement, on which such action is brought, or some memorandum or note thereof is in writing and signed by the party to be charged therewith.

Second.   If the consent of the lessor had to be obtained to accept the defendant as his tenant in place of Springer, this was a

condition precedent to be performed before the obligation commences, or the contract could be completed.

Third. If Mordaunt had completed the contract with Springer for the purchase of the café independent of the consent of the lessor and without first obtaining it to accept the defendant as his tenant, then the defendant is not liable for the acts of Mordaunt.

The presiding justice declined to give the instructions; and after verdict the defendant excepted. The plaintiff's evidence tended to show that the defendant together with one Mordaunt, as her agent, negotiated the sale from the plaintiff for seventeen hundred dollars. The plaintiff gave the defendant a writing, agreeing to deliver the property on payment of that sum. The defendant paid twenty-five dollars and agreed to return and pay the balance in cash or certified check. The defendant did not return but Mordaunt came with a check for $1,800 purporting to be drawn by the defendant to his order and by him indorsed, and certified by the cashier of the bank where it was payable. The plaintiff paid Mordaunt the difference between the check and the purchase price. The check was forged.

*W. H. Motley and I. L. Elder*, for defendant.

There was no sale. To complete a sale the minds of both parties must meet; there must be a mutual assent and it must co-exist at the same time and be unconditional. Benj. Sales, pp. 2, 53. The lessor did not consent to a transfer of the lease. The mortgagee, without whose consent they could not complete the sale, did not consent. Mordaunt was not defendant's agent; he was the broker of both parties. Defendant not responsible for Mordaunt's fraud. If a principal employs an agent to transact a particular business and if the latter commits a fraud he acts beyond the scope of his authority, and the principal is not responsible. *Udell* v. *Atherston*, 7 H. & N. 172; *Burnes* v. *Pennell*, 2 H. L. 497; *Cornfoot* v. *Fowke*, 6 M. & W. 358; *Wilson* v. *Fuller*, 3 Q. B. 68, (43 E. C. L. R. 635); *Grant* v. *Norway*, 10 C. B. 655, (2 Eng. L. & Eq. 337); *Coleman* v. *Riches*, 16 C. B. 665, (29 Eng. L. & Eq. 326); *Cargill* v. *Bower*, 10 Ch. D. 502; *Ball* v. *Sykes*, 70 Iowa, 525; *Cronin* v. *Bank*, 1 West Rep. (Ills.) 602;

*Frink* v. *Roe,* 70 Cal. 296 ; *State* v. *Fredericks,* 1 Cent. Rep. 450 ; *Tucker* v. *Jerris,* 75 Maine, 184; *Forsyth* v *Day,* 41 Id. 382, 395.

A lease of land and buildings is such an interest that its conveyance will bring it within the statute of frauds.   R. S., c. 111 ; *Delano* v. *Montague,* 4 Cush. 42.

To hold the defendant there must be some memorandum signed by her.   It is not claimed that she signed any writing whatever. *Patterson* v. *Cunningham,* 12 Maine, 506, 509 ; *Hesseltine* v. *Seavey,* 16 Id. 212, 214; *O'Leary* v. *Delaney,* 63 Id. 584; *Jellison* v. *Jordan,* 68 Id. 373 ; *Duffy* v. *Patten,* 74 Id. 396; *Farwell* v. *Tillson,* 76 Id. 227.

*Drummond and Drummond,* for plaintiff.

FOSTER, J.   The only question submitted to the jury was whether there had been a completed sale of the plaintiff's half interest in a café and fixtures to the defendant.   The plaintiff claimed that the sale was actually completed.   The defendant denied it.

The plaintiff having received in payment a check that was admitted to be a forgery, brings this suit to recover the consideration of the sale,—the price of the property sold.   Upon a charge that presented the issue fully and fairly and stated the law correctly in its application to that issue, the jury found for the plaintiff and returned a verdict for the amount of the consideration.

The first requested instruction could have no application in an action like this, which is for a recovery of the price, and where, to recover at all, it was necessary for the plaintiff to prove a completed sale.   The instruction asked for, assumes that the action is for the breach of a contract executory in its nature.   No such cause of action is set out.   The requested instruction was therefore inapplicable and properly refused.

The same may be said in relation to the second and third requests.

Requested instructions should be made applicable to the facts in evidence.   There was no evidence or position assumed in the case upon which the requested instructions could properly bear,

and without which an exception to the refusal of the court to give a requested instruction will not be sustained. *Brackett* v. *Brewer*, 71 Maine, 478.

The evidence fully sustains the verdict.

*Motion and exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.